O’Neali,, J.
The important inquiry in the case, is whether the'testator’s mills, and the land on which they are erected, passed to Mrs. Nash for life, under the following clause: — “ I give and bequeath to my well-beloved wife, Mrs. Nash, my dwelling-house and furniture, one negro man, named David, one negro woman, named Phillis, ivith the benefit of my plantation and utensils belonging to the same, a good horse and saddle, with other necessary stock ; these I allow her, to render her comfortable during her natural life.” The question is, what passes under the devise .of the testator’s plantation ? For it is conceded that the clause just cited, is a good devise of the plantation on which the testator resided. According to the proof noticed in the decree, he regarded the two parcels of land on which he lived and on which his mills are erected, “as one plantation.” The term “plantation,” as well as “tract,” is used as 'merely descriptive of a body of land. In common parlance they are used as convertible terms, and we speak of “our plantation,” or “ our tract of land,” intending to be understood as speaking of the same body of land. A plantation may consist of several tracts or parcels of land ; indeed, it is most commonly the case that it does. I must therefore be understood, in construing the testator’s will, in that sense, in which he was in the habit of using and understanding it, when he spoke of the two parcels of land on which he lived and on which his mills were *erected. The case of |-^^1 Cain v. Maples, 1 Hill’s Deports, 304, sustains this view. In that “ case it was held, that the description, “the tract of land whereon the defendant lives,” included two adjoining parcels of land belonging to defendant, on one of which his house stood, but both had been enclosed and cultivated as one tract.
In this case the will itself shows that the testator intended that the mills should pass with the land. For, in the eighth clause, appointing the ultimate division, he directs his “houses, mills, and all his lands,” to be equally divided between his sons. Decur to the first clause, and it is clear that he has in terms devised his dwelling-house, and in effect the plantation on which he lived, to his wife for life. He could not have intended, therefore, in the eighth clause, to have subjected his dwelling-house and plantation to division until his wife’s death. He makes no distinction as to the time of division between the mills, and the houses and lands : he did not intend that there should be two divisions of the property, mentioned in the eighth clause; all was to be divided at once : and I think it tolerably clear, that he looked to the period of his wife’s death, as the time at which this division should take place. From these views, I am satisfied that the mills and land on which they are erected, do pass under the first clause of the testator’s will hereinbefore set forth, to his widow for life.
Johnson and Harper, Js., concurred.